# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 13, 2015 Session

## HERSHEL SANDERS, ET AL. v. FIRST TENNESSEE BANK, N.A., ET AL.

**Appeal from the Circuit Court for Cumberland County**
**No. CV005540    Amy Hollars, Judge**

_____

**No. E2014-00812-COA-R3-CV-FILED-MARCH 26, 2015**

_____

This appeal concerns a dispute over which statute of limitations applies. Hershel and Alma Sanders ("Plaintiffs") filed suit against First Tennessee Bank, National Association ("the Bank") in the Circuit Court for Cumberland County ("the Trial Court").[1] Plaintiffs alleged that the Bank breached its contractual obligations to them by failing to provide long-term financing toward the building of their home as promised. The Bank denied it made any such promise. The Bank filed a motion for summary judgment. After a hearing, the Trial Court granted the Bank's motion for summary judgment on the basis that the three-year statute of limitations for injury to property or interest in property barred Plaintiffs' claims. Plaintiffs appeal. We hold that the financial damages alleged by Plaintiffs are in the nature of breach of contract and, therefore, a six-year statute of limitations governs. We reverse the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Mark N. Foster, Rockwood, Tennessee, for the appellants, Hershel Sanders and Alma Sanders.

Kristine L. Roberts and Kenny L. Saffles, Knoxville, Tennessee, for the appellee, First Tennessee Bank, National Association.

---

[1] Plaintiffs sued a number of other individuals as well. These other defendants, however, were dismissed as the case proceeded, and for purposes of this appeal we are concerned only with the Bank as a defendant.

# OPINION

## Background

In March 2007, Plaintiffs contracted with James Brannon ("Brannon") to build their "dream home" in Crossville, Tennessee. Plaintiffs entered into a loan agreement with the Bank with the initial maximum principal amount of $120,000. The purpose of the loan was to provide funds for Plaintiffs' construction work on their home.

Problems emerged with the construction. According to Plaintiffs, Brannon failed to complete the work in a timely manner. The Bank advised Plaintiffs that they should fire Brannon. By Plaintiffs' account, they were assured by the Bank that they would receive from the Bank a permanent loan notwithstanding the termination of Brannon. Plaintiffs then fired Brannon. Brannon subsequently filed a mechanics' lien which apparently prevented Plaintiffs from obtaining financing from anyone other than the Bank. The Bank, which denies having made any promise to provide permanent financing to Plaintiffs, never did provide Plaintiffs with permanent financing. Plaintiffs' loan went into default and the Bank initiated foreclosure proceedings. Eventually, Plaintiffs' property was sold at a foreclosure sale in August 2009. During this time, Plaintiffs had filed for Chapter 7 bankruptcy. The Bank moved for relief from the bankruptcy stay which was granted on April 3, 2009.

In April 2012, Plaintiffs, *pro se*, filed a very threadbare complaint against the Bank in the Trial Court. Plaintiffs subsequently asked for leave to amend their complaint, which was granted by the Trial Court. In July 2012, Plaintiffs, now represented by counsel, filed a more substantive amended complaint in the Trial Court. Plaintiffs alleged a number of causes of action against the Bank. One count in Plaintiffs' complaint against the Bank was breach of contract. Plaintiffs alleged:

> [The Bank] entered into an agreement with Plaintiffs that if Plaintiffs would terminate Brannon, [the Bank] would provide Plaintiffs with permanent financing . . . However, [the Bank] breached this agreement after Plaintiffs fulfilled their part of the bargain by terminating Brannon . . . As a result of the Defendant's actions, Plaintiffs suffered injury and damages, including the loss of their home and life savings.

In September 2013, the Bank filed a motion for summary judgment. The Bank argued that Plaintiffs' sole remaining claim, by this point that for breach of contract, was barred by the statute of frauds as well as by the three-year statute of limitations for injuries to property. The Bank's motion was heard by the Trial Court in February 2014. In March 2014, the Trial Court entered an order granting the Bank's motion for summary judgment. The Trial Court stated, in part:

2

Plaintiffs' claims are barred by the three-year statute of limitations set forth in Tennessee Code Annotated §28-3-105 because (1) Plaintiffs allege injuries to their property and their interests in property; and (2) Plaintiffs knew or should have known that First Tennessee Bank was not going to provide them with permanent financing by April 3, 2009, at the very latest.

There are no genuine issue[s] of material fact, and First Tennessee Bank is entitled to judgment as a matter of law.

The Trial Court did not rule on the statute of frauds issue. Plaintiffs filed a timely appeal to this Court.

## Discussion

Plaintiffs raise one issue on appeal: whether the Trial Court erred in applying a three-year rather than six-year statute of limitations to Plaintiffs' claim.

This case was disposed of by means of summary judgment. The standard for summary judgment is codified at Tenn. Code Ann. § 20-16-101. In point of fact, this appeal presents a pure question of law, which we review de novo with no presumption of correctness to the trial court. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006). Our Supreme Court recently has articulated the analysis to be used in choosing the applicable statute of limitations in scenarios like that of the case before us on appeal. Our Supreme Court stated:

Today we clarify that the two-step approach articulated in *Vance* and applied in *Alexander* and *Harvest Corp.* is the correct framework for courts to employ when ascertaining the gravamen of a claim for the purpose of choosing the applicable statute of limitations. When utilizing this approach, a court must first consider the legal basis of the claim and then consider the type of injuries for which damages are sought. This analysis is necessarily fact-intensive and requires a careful examination of the allegations of the complaint as to each claim for the types of injuries asserted and damages sought. *Contract Law and Practice* § 12:78, at 595 (2006).

***

In determining that the gravamen of Ms. Elliott's claim was for injury to real property, the Court of Appeals, like the early decisions of this Court, focused almost exclusively upon the type of damages she had

3

requested. Employing the two-step *Vance* approach, we conclude that the basis of Ms. Elliott's claim is breach of contract. Ms. Elliott alleged, and the trial court found, that the contract had been breached because she had not received the sixty-foot wide strip of property contemplated by the contract. The trial court dismissed Ms. Elliott's claims of intentional and negligent misrepresentation. The sole legal basis of Ms. Elliott's prevailing claim against the defendants is breach of contract.

Moreover, the type of injuries for which Ms. Elliott sought to recover resulted from the breach of contract. *Cf. Vance*, 547 S.W.2d at 933 (concluding that the gravamen was injury to property where the plaintiff elected not to seek the contract remedy of rescission). Specific performance, which Ms. Elliott sought, is available solely for breach of contract claims. The trial court refused to order it here because BE had constructed detention ponds in the area where the sixty-foot strip of property would need to be located. The trial court instead awarded Ms. Elliott money damages for the diminution in value to her remaining property resulting from the lack of the contractually guaranteed access road. This injury is financial only, involving no injury to the real property itself. Although diminution in value damages may be recovered for both tort and contract claims, the diminution in value damages Ms. Elliott sought to recover flowed directly from her breach of contract claim. Thus, because the legal basis of the claim is breach of contract and the damages sought and awarded are for breach of contract, we conclude that Ms. Elliott's breach of contract claim is governed by the six-year statute of limitations applicable to "[a]ctions on contracts not otherwise expressly provided for." Tenn. Code Ann. § 28-3-109(a)(3).

*Benz-Elliott v. Barrett Enterprises, LP*, --- S.W.3d ----, 2015 WL 294635, at **10-11 (Tenn. 2015) (footnotes omitted).

The Bank argues that Plaintiffs are seeking to recover damages for lost interest in property and thus their claim is barred by the three-year statute of limitations found at Tenn. Code Ann. § 28-3-105 (1) (Supp. 2014) ("Actions for injuries to personal or real property"). Plaintiffs, on the other hand, argue that their claim is not that the Bank actually damaged the property, but rather that the Bank breached the contract by refusing to provide the promised permanent financing resulting in financial injury to Plaintiffs. Therefore, according to Plaintiffs, the proper statute of limitations in this matter is six years for breach of contract as found at Tenn. Code Ann. § 28-3-109(a)(3) (2000) ("Actions on contracts not otherwise expressly provided for").

As cited above, our Supreme Court has provided guidance on this issue. We are obliged to undergo a two-part analysis. We must consider the legal basis of Plaintiffs' claim and also the type of injuries for which damages are sought.

Regarding the legal basis for Plaintiffs' claim, this portion of the analysis is relatively straightforward. Plaintiffs explicitly alleged breach of contract in their amended complaint. Although Plaintiffs asserted other claims such as tort claims against the Bank in their complaint, only the breach of contract claim remained by the time the Trial Court ruled on the Bank's motion for summary judgment. As for this breach of contract claim, quoted above, Plaintiffs alleged that they suffered the loss of their home and savings as a result of the Bank's failure to honor their contractual agreement. Based upon the facts in the record before us, we conclude that the legal basis of Plaintiffs' claim is breach of contract.

The next step in the analysis requires us to consider the type of injuries for which damages are sought by Plaintiffs. Here we again rely on *Benz-Elliott* for guidance. In that case, our Supreme Court specifically made note that the injuries alleged therein were financial only, rather than constituting damage to the property itself. Our Supreme Court, in eventually determining that a six-year statute of limitations applied, also noted that the damages alleged flowed directly from the breach of contract claim. Our Supreme Court described this analysis overall as fact-intensive. While *Benz-Elliott* is not identical to the present case, it is instructive.

In the present case, Plaintiffs emphasize that they do not allege that the Bank physically damaged the property. Indeed, it appears from the record that the damages alleged are best characterized as financial—that is, the Bank's failure to provide permanent financing as allegedly promised led to the loss of Plaintiffs' savings and a foreclosure on their property. This does not implicate any damage or injury to the property, per se. The Bank argues in opposition that Plaintiffs' alleged damages, even if claimed to stem from breach of contract, resulted ultimately in a loss of savings and their home which must be characterized as damage to property or interest in property. We disagree.

This case stems from a dispute over financing. More specifically, this case is about an alleged agreement whereby the Bank promised to provide Plaintiffs with permanent financing and failed to do so. Plaintiffs eventually lost their savings and their property was foreclosed. We, however, do not believe that the resulting consequences of the alleged breach of contract—the loss of Plaintiffs' savings and property—is dispositive to the question of the type of damages asserted, and therefore which statute of limitations applies. While Plaintiffs eventually suffered loss in the form of property, thereby perhaps suggesting an injury to property, the original locus of the damage was in an alleged failure to provide financing resulting in a financial injury and not an injury to the subject property or any interest therein. The Bank asks us to characterize these

damages as injury to property or interest in property because of the fallout that occurred as a result of the alleged breach of contract. In our view, this analysis is too reductive and is at odds with what our Supreme Court has called a fact-intensive analysis. We hold that the damages alleged by Plaintiffs are best characterized as financial damages for breach of contract, and that the six-year rather than the three-year statute of limitations applies in this case.

In summary, we have applied the two-part test as required by our Supreme Court in *Benz-Elliott*. First, we conclude that the legal basis of Plaintiffs' claim was breach of contract. In the second part of the analysis, we conclude that the damages sought by Plaintiffs originate in the alleged breach of an agreement to provide permanent financing, which, although ultimately resulting in loss of property, does not represent inherently an injury to property or interest in property but instead are financial only. We hold that the six-year statute of limitations for breach of contract governs in this case.[2] We reverse the Trial Court and remand for further proceedings consistent with this Opinion.

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for collection of the costs below and for further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellee, First Tennessee Bank, National Association.

_____
D. MICHAEL SWINEY, JUDGE

---

[2] We make no determinations regarding the statute of frauds issue as raised by the Bank below since the Trial Court did not rule on that issue and the issue was not raised on appeal except in passing.

6